United States v. Starwalt is next on for argument. And you're still Mr. Henderson. I am still Peter Henderson and I represent Paris Starwalt in this case. May it please the court. This case has two issues. The first as to whether Hobbs Act robbery is a crime of violence is merely issue preservation. So I won't discuss that further. The second one is more serious and affects a number of cases. The Supreme Court, I noticed after its long conference, remanded a number of cases to this court for reconsideration in light of Dean, which is, of course, the issue that's raised in this case. And the question, going back to my remarks earlier, are about which court has the discretion. Dean gives district courts discretion, and it's our contention that following Dean, this court ought to allow district courts to tell the court whether it wants to exercise that newfound discretion, rather than simply affirming if it can't find any reason for error. Because, in effect, what this court would then be doing is saying, we didn't give you discretion. I think, counsel, that you need to discuss our decision in the United States against Wheeler. Sure. Wheeler says if the district judge gives a sentence well above the minimum, it's plain that Dean did not have an effect. Well, what Wheeler said was that it was inconceivable that a judge who imposed a sentence above the guidelines range for a predicate crime did so because of this court's prior case law. So let me address Wheeler, distinguish it first, and then address it head on. This case does not involve an above guidelines sentence. This is a sentence that's well within the guidelines. And what the district court had to do here, under this court's prior law, was not even consider the fact that there was this 924C charge on the table. What the district court had to do was assess, under Section 3553A, all of the circumstances of the robbery, all of the circumstances of the defendant, the need to punish, et cetera, et cetera. And then, after arriving at a fair sentence for that, which was within the guidelines, tack on the mandatory sentence. Now, we know that the district judge imposed a sentence that was the minimum she could impose on the Section 924C charge. And so that doesn't tell us if, for example, she had said, well, I find this 924C offense particularly heinous. Instead of imposing the minimum 7 years, I'm going to give you 10. That would be a clear indication that her discretion would not be exercised in a different way. But here she imposed the minimum sentence. To address Wheeler head on, I think there is somewhat of a logical fallacy in that decision, because what the court says is that it's inconceivable that a judge would impose a different sentence on a remand. But the entire process, and this is what the Supreme Court said in Dean, is different. The district judge has to decide on a sentence that is sufficient, but not greater than necessary, for one charge and then add the other charge. If the district judge is doing their job under the circuit's precedent, which I think we can presume that she was doing, she cannot independently sort out what the total sentence will be. She can only sort out what sentence on count discount will be and what the sentence on discount will be. And so with the benefit of hindsight, we can't tell what she preferred her combined sentence to be, because all we know is that she found 216 months appropriate on the robbery counts and 84 months, the minimum, appropriate on the 924C counts. So in fact, the district judge might have thought, on the robbery counts, this involved a firearm, this was a heinous crime, I thought that it deserved a sentence of 216 months without considering anything about 924C, because that's what she had to do. But she might say, you know, this seven-year add-on, I don't think that the dangerousness of the gun, which I've already accounted for in the 216 months, I don't think that merits an extra seven years. I think a total sentence here of maybe 20, 22 years is the appropriate total sentence. And what the Supreme Court says in Dean is the judge is entitled to make that global decision as to what the total sentence would be. We don't know if the judge thought that the 84-month sentence in this case was appropriate on 924C. She might have thought maybe 60 months is better. Maybe a global resolution of this case to the tune of 20 years, 22 years, is appropriate. And what we would ask for is to allow the district court to have that discretion. She couldn't exercise it before. She didn't exercise it before. And in light of Dean, she ought to be able to be given that choice. Now, there are a number of cases that come up on appeal that are remanded back to the district court because either the district court didn't understand its discretion or thought it did not have discretion when, in fact, it did. And on remand, many times the results are the same. That doesn't mean that the court should not give the ability to make that discretionary decision to the district court just because it thinks maybe the result is going to be the same. This is not, for example, a harmless error situation where the judge has said, you know, I know this Dean case is coming up the pipeline. I want 30 years. The judge applied this court's law faithfully, determined a sentence on the robbery counts, and then determined the minimum sentence on the Section 924C counts. And we'd ask the court to remand so the district court can exercise its newfound discretion. Thank you, Your Honor. Thank you, Mr. Anderson. Mr. Flanagan. You may please the court. My name is Peter Flanagan. I represent the United States. There's nothing to suggest the sentencing court, district court here, wanted to impose a lower sentence. After hearing an extensive argument on the 553A factors, after underscoring the very serious and violent nature of this offense, the district court imposed a sentence that was well above the low end of the guidelines. In fact, the sentence was much closer to the high end of the guidelines than the low end. So this isn't a case where the government's asking the court to simply affirm because there's no record of the court feeling constrained by precedent from giving the defendant a lower sentence. This is a case where the record affirmatively shows through that high end sentence that the sentencing court felt no such constraints. And this case is identical to Wheeler. Your Honors, the court has heard and rejected this very same Dean argument in the Wheeler case, a case that involved nearly identical facts, and the government respectfully asks that the court do the same here. Unless there are any more questions or any questions for me, I will respectfully ask that you affirm the defendant's conviction and sentence. Thank you. Thank you, Counsel. Anything further, Mr. Henderson? Yes, Your Honor. I think my friend is correct to suggest that there's nothing in the record to suggest that the judge intended to impose a lower sentence because she couldn't. Under this court's binding precedent, she could not. She had to assess an 84-month sentence to run consecutively to what she determined to be the correct sentence for the robbery counts, as if the gun count did not exist. If we take the logic of Wheeler, the defendants who would receive relief, presumably, in this court, are those who got below guideline sentence on the underlying offenses. In other words, those where the district court may not have quite followed this court's precedent and might have said, well, we've got 84 months here, I'm going to give you a below guidelines sentence on the other count to account for that, in other words, Dean, they would be found to have erred instead of those who faithfully applied this court's precedent and said, I have to give you the sentence on the robbery counts, 216 months, without regard to what the total sentence is going to be. That gets it backwards. The folks who had within guideline sentences on the robbery counts are the ones that are most likely to have been affected by the Dean error because their judges said, I have to give you an appropriate sentence on these robbery counts without taking into account the total sentence. So I think that that is something the court should consider and think about in terms of how to resolve these Dean cases globally. Thank you, Your Honors. Thank you very much. The case is taken under advisement.